MOTORISTS MUTUAL INSURANCE COMPANY, APPELLANT, *v.* VANCE, APPELLEE.

(No. 84AP-755—Decided January 15, 1985.)

Schottenstein, Zox & Dunn, Patrick F. Smith and Rick E. Marsh, for appellant.

Sheppard & Bale and Alan Wayne Sheppard, for appellee.

NORRIS, J. This is Motorists Mutual Insurance Company's second appeal from a jury verdict in favor of Teresa S. Vance.

Motorists was subrogated to the claims that its insured, Joann Jones, and her passenger, Karen Williams, had against Vance, as the result of Motorists' payments to each of them for personal injuries received in an automobile accident, and as the result of its payment to Jones for property damage. The payments were made under the uninsured motorist clause of its policy. The Jones automobile had been stopped at an intersection when another vehicle, driven by Mark Klepper, struck the Jones automobile. Shortly thereafter, the Vance automobile collided with the Klepper automobile which, in turn, again struck the Jones automobile. Klepper was uninsured.

There was no dispute but that there was joint and several liability of Klepper and Vance for the property damage and that Vance was liable to Motorists for the entire amount. The dispute centered around the liability of Vance for the personal injuries sustained by Jones and Williams. According to Jones and Williams, they were still inside their automobile when it was struck the second time. According to the deposition of Klepper, introduced at the first trial since he resided out-of-state, Jones and Williams were outside their automobile at the time of the second collision and, thus, could not have been injured further as a result of the second impact. Klepper had since filed bankruptcy and was not a defendant.

As additional support for her contention that Jones and Williams were not injured in the second collision, Vance relied at the first trial upon a statement of Klepper recorded as a result of a telephone conversation between a Motorists adjuster and Klepper about two weeks after the accident in which Klepper had also stated that Jones and Williams were outside the automobile at the time of the second collision.

That prior telephone conversation was admitted into evidence at the first trial, and we reversed for the reason that the statement was not admissible as an exception to the rule against hearsay under Evid. R. 804(A)(5) and 804(B)(3). Motorists Mut. Ins. Co. v. Vance (Nov. 10, 1983), No. 83AP-442, unreported.

Upon remand and retrial, Klepper testified in person on behalf of Vance to the effect that Jones and Williams were outside their automobile at the time of the second collision. On cross-examination, this interchange occurred between Klepper and plaintiff's counsel:

"Q. Mr. Klepper, isn't it true that Theresa [sic] Vance is not suing you?

"A. Yes.

"Q. She has ascerted [sic] no claim in this lawsuit for contribution or anything against you, has she?

"A. Not that I can recall.

"Q. Is it true that you did fly up here from Florida to testify, correct?

"A. That is true.

"Q. Who paid for your expenses to fly up?

"A. Mr. Sheppard [defense counsel]."

On redirect examination, the trial court permitted defense counsel to introduce the telephone conversation into evidence, over plaintiff's objection.

Plaintiff raises one assignment of error:

"The trial court erred by admitting into evidence a transcript of a recorded telephone interview of a non-party witness who testified at trial."

Defendant contends that the conversation was properly admitted pursuant to Evid R. 801(D)(1)(b), which reads, in part, as follows:

"(D) Statements which are not hearsay. A statement is not hearsay if:

"(1) Prior statement by witness. The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is * * * (b) consistent with his testimony and is offered to rebut an express or implied charge against him of recent fabrication or improper influence or motive * * *."

The effect of the rule is not, of course, to provide that every prior consistent statement of a witness is not hearsay and therefore admissible to bolster his testimony at trial. Obviously, the relevancy of many such statements would be suspect—an improbable story is not made more probable simply because it is repeated. What the rule permits is the rehabilitation of a witness whose credibility has been attacked by means of a charge that he recently fabricated his story or falsified his testimony in response to improper motivation or influence, by admitting into evidence a consistent statement made by the witness prior to the time of the suggested invention or of the emergence of the motive or influence to invent or falsify, as tending to rebut the charge. It should be noted that another result of the rule is that the statement is admitted as substantive proof of. the matter asserted in the statement, even though it was not made under oath or subject to cross-examination, since the statement is not deemed hearsay. Apparently, the drafters of the rule, and of its federal counterpart, were not in a position to favor the bench and bar with a convincing rationale in support of this added dimension of the rule. See Staff Note to Evid. R. 801(D)(1)(b); Advisory Committee Note to Fed. R. Evid. 801(d)(1)(B); Giannelli, Ohio Evidence Manual (1982), Section 801.08.

Because there is no dispute that the declarant here, Klepper, testified at trial and was subject to cross-examination; that his prior statement was consistent with his testimony as a witness; that the prior statement was offered to rebut what defendant perceived as an implied charge against the witness that he had falsified his testimony as the result of improper influence or motive; and that the consistent statement was made prior to the time this suggested motive to falsify arose, the question for our resolution is whether or not the cross-examination by plaintiff's counsel actually amounted to an implied charge that the witness' testimony was the product of improper influence or motive.

Because the result of exclusion of prior consistent statements, where they are sought to be used for rebuttal purposes, would be to permit an implication of fabrication or falsification to stand without challenge, their admission should be favored to the extent that a generous view should be taken of the entire trial setting in order to determine if there was sufficient impeachment of the witness to amount to a charge of fabrication or improper influence or motivation.

Under the circumstances of this case, the cross-examination did amount to an implied charge within the contemplation of the rule, since it constituted an attack upon the witness' credibility by means of an attempt to suggest that he had falsified his story to favor defendant's cause after having had his transportation costs from Florida paid by defendant and in return for, or in appreciation of, those expenses being paid and defendant not having sought contribution from him as an additional party liable to plaintiff. The charge was so manifest in the line of questioning as to beg for rebuttal.

Because the prior consistent state-

ment was properly admitted into evidence, the assignment of error is overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

McCormac, P.J., and Moyer, J., concur.