**Riley v. Cincinnati Neurological Assoc., Inc.
Case No. C-880804**

## Hamilton County, (1st)
### Decided February 14, 1990
[Cite as 1 AOA 23]

*Marlene Penny Manes, Esq., and Rodger N. Walk, Esq., 914 Main Street, Suit 200, Cincinnati, Ohio 45202, for Plaintiff- Appellant,*

*Rendigs, Fry, Kiely & Dennis and Frederick Brockmeier IV, Esq., 900 Central Trust Tower, Cincinnati, Ohio 45202, for Defendants-Appellees.*

*PER CURIAM.*

This cause came on to be heard upon the appeal, the transcript of the docket, journal entries and original papers from the Court of Common Pleas of Hamilton County, Ohio, the transcript of the proceedings, and the briefs and the arguments of counsel.

Lillie Neal filed a medical malpractice suit against defendants-appellees, Cincinnati Neurological Associates, Inc., and Dr. James Anthony. A medical arbitration panel ruled in favor of Neal in an amount less than the stipulated damages. Both parties filed motions to vacate, modify or correct the arbitration award. Following a jury trial, judgment was entered on behalf of the defendants. Neal's motion for a new trial or judgment notwithstanding the verdict was denied, and she appealed.[1] On appeal, Neal raises several assignments of error. We find merit in some of these assignments and, therefore, reverse the judgment of the trial court.

On April 3, 1980, Neal suffered a work-related injury which resulted in a concuscussion and post-traumatic headache.

Her family physician, Dr. John Pappas, referred her to Cincinnati Neurological Associates, where she was examined by Anthony. Dr. James Tojo, Neal's employer's physician, also examined her.

Anthony prescribed amitriptyline, also known as elavil, for Neal's headaches. Tojo noticed that Neal was unsteady on her feet and reported to Anthony that she was unable to perform simple coordination tests. Anthony stated that these symptoms were side effects of the medication. He examined Neal the next day, and temporarily admitted her to Jewish Hospital to monitor the administration of her medication.

At the time Anthony prescribed amitriptyline to Neal, it was not approved by either the manufacturer or the Federal Drug Administration for post-concussion headaches. Neal was not informed of this, nor was she initially informed of the drug's side effects. However, Anthony contends that Neal requested to remain on amitriptyline even after she was informed that the drug caused her dizziness because it was the only medication which provided relief from her headaches.

On May 30, 1980, Neal experienced light-headedness, lack of coordination and an unsteady gait causing her to lose her balance and fall down a flight of stairs.

This fall resulted in herniations of discs in her back requiring hospitalization and surgery. It also rendered Neal totally and permanently disabled.

In her first assignment of error, Neal contends that the trial court erred when it reversed its prior ruling on the admissibility of certain sworn state-ments. We agree.

During Neal's presentation of her case, she called Dr. John Pappas to testify as a treating physician and as an expert witness.

Pappas had previously executed an affidavit, had been deposed by the defendants, and had executed a subsequent affidavit to be attached to his deposition testimony. The deposition contained statements in conflict with Pappas's trial testimony, but the affidavits were consistent with his trial testimony.

During trial, on cross-examination, the defendants questioned Pappas about his prior inconsistent deposition testimony. On redirect examination by Neal, the trial court admitted the affidavits as prior consistent statements made by Pappas.

However, at the close of the defendants' case, the trial court *sua sponte* changed its prior ruling on the admissibility of the affidavits, and excluded them.

Evid. R. 801 (D) (1) (b) provides, in pertinent part, that a prior statement by a witness is not hearsay if the "declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is * * * consistent with his testimony and is offered to rebut an express or implied charge against him of recent fabrication or improper influence or motive." An express charge of recent fabrication is not necessary in order to offer a prior consistent statement in rebuttal. The line of questioning employed on cross-examination need only imply a charge of recent fabrication to make the prior consistent statement admissible. *Walker v. Evans* (Dec. 22, 1988), Franklin App. No. 88AP-103, unreported.

The defendants questioned Pappas on cross-examination about a prior inconsistent statement made by him. We find that this line of questioning amounted to an implied charge of recent fabrication or improper influence or motive. The implication should not have been allowed to stand unchallenged and, therefore, the prior consistent statements should have been admitted. See *Motorists Mut. Ins. Co. v. Vance* (1985), 21 Ohio App. 3d 205, 486 N.E.2d 1206.

Because the credibility of Pappas was in issue, we must reject the defendant's argument that to allow evidence of the affidavits in addition to oral testimony would be cumulative and, thus, inadmissible. Documentary evidence tends to carry more weight than just the testimony of a witness, and it is especially appropriate in this case where the jury has been given reason to question the witness's credibility. *See Walker, supra.* The affidavits should have been admitted into evidence.

Finally, we note that the trial court acted improperly in reversing its evidentiary ruling at the close of all the evidence. Neal relied upon the trial court's ruling admitting the affidavits and rested her case. The defendants did not argue against the admissibility of the statements, and proceeded to present their case. The trial court reversed its earlier ruling at the end of the trial and thereby prejudiced Neal.

The trial court erred in excluding the affidavits of Pappas. We, therefore, find merit in Neal's first assignment of error.

In her second assignment of error, Neal contends that the trial court committed error in its charge to the jury. Neal first argues that the trial court, in its charge, improperly merged

her separate causes of action sounding in negligence and in lack of informed consent. Specifically, she points to one paragraph in the charge where the trial court stated that if Neal failed to prove that the defendants were negligent then "[t]his would conclude your deliberations with regard to the plaintiff."

The tort of lack of informed consent is established when the following is demonstrated:

> (1) the physician fails to disclose to the patient and discuss the material risks and dangers inherently and potentially involved with respect to the proposed therapy, if any;
> (2) the unrevealed disks and dangers which should have been disclosed by the physician actually materialize and are the proximate cause of the injury to the patient; and
> (3) a reasonable person in the position of the patient would have decided against the therapy had the material risks and dangers inherent and incidental to treatment been disclosed to him or her prior to the therapy.

*Nickell v. Gonzalez* (185), 17 Ohio St. 3d 136, 477 N.E.2d 1145.

In its charge to the jury, the trial court clearly set forth these elements of the informed-consent claim after explaining the elements of the negligence claim. The trial court explained that Neal had two causes of action against the defendants and instructed the jury separately on them.

At one point, the trial court did state incorrectly that if the jury determined that the defendants were not negligent, then their deliberations would be concluded. However, this statement, when read in connection with the entire instructions of the court to the jury, which explained that two causes of action existed, resulted in no prejudice to Neal. *See Centrello v. Basky* (1955) 164 Ohio St. 41, 128 N.E.2d 80. In addition, the interrogatories submitted to the jury clearly indicated that the negligence claim and the informed-consent claim had to be resolved. Accordingly, we find that the trial court did not improperly merge Neal's two causes of action when it instructed the jury.

Neal also argues, under the second assignment of error, that the trial court improperly gave the jury written instructions which differed from its oral instructions. When a trial court elects to reduce a jury charge to writing and to submit the written charge to the jury for its deliberations, the written charge must be identical to the oral charge in all material respects. *State v. Warner* (Nov. 15, 1989), Hamilton App. No. C-870236, unreported. Our review of the written charge and the oral charge has failed to reveal any material discrepancies between them, and Neal has failed to mention specifically where the alleged differences exist. We, therefore, find that the written charge was identical to the oral charge in all material respects.

We find no error in the trial court's charge to the jury. We, therefore, find no merit in Neal's second assignment of error.

In her third assignment of error, Neal contends that the trial court erred in refusing to grant her motion for a mistrial when the jury returned its verdict and answers to interrogatories. She argues that the verdict and the answers to interrogatories are in conflict and, therefore, indicate confusion among the jurors.

An appellate court will not reverse a trial court's decision granting or denying a mistrial unless that decision was an abuse of discretion. *State v. Widner* (1981), 68 Ohio St. 2d 188, 429 N.E.2d 1065, certiorari denied (1982), 456 U.S. 934, 102 S. Ct. 1988. In answers to interrogatories, the jury found no liability on behalf of the defendants toward Neal, and further determined that Neal was not entitled to any award of damages from the defendants. The answers to the interrogatories regarding damages were consistent with the verdict entered for the defendants.

We, therefore, find no abuse of discretion in the trial court's denial of Neal's motion for a mistrial. The third assignment of error lacks merit.

In her final assignment of error, Neal contends that the trial court improperly failed to grant her motion for a new trial or judgment notwithstanding the verdict. We agree that a new trial should have been granted based upon the trial court's error in refusing to admit the affidavits of Pappas as discussed previously. However, the evidence presented at trial was not such that reasonable minds could come to but one conclusion, that conclusion being adverse to the verdict returned by the jury. See *Posin v. A.B.C. Motor Court Hotel, Inc.* (1976), 45 Ohio St. 2d 271, 344 N.E.2d 334. Therefore, the motion for judgment notwithstanding the verdict was properly denied. The fourth assignment of error is, accordingly, well taken only in part.

The judgment of the trial court is reversed, and this cause is remanded for further proceedings in accordance with law.

SHANNON, P.J., DOAN and UTZ, JJ.

---

[1] Neal died on October 3, 1988, and Yolanda M. Riley, as administratrix of Neal's estate, was substituted as party plaintiff. However, for purposes of this Decision, we refer to Neal as the party appealing the trial court's judgment.