OPINION
Defendant-appellant, Anthony S. Leach, appeals his convictions, sentences and adjudication as a sexual predator. For the reasons that follow, we affirm the decision of the trial court.
Appellant was charged with three counts of rape and one count of gross sexual imposition. The victim was his seven-year-old stepdaughter, Heather.
Heather's mother, Channon, worked third shift at a convalescent center as a licensed practical nurse. Appellant, who was unemployed, baby-sat their infant son, Tony, Jr. and Heather while Channon worked. Everyone slept in the same bed. According to Heather, during the night while her mother was at work, appellant would pull Heather on top of him. She pretended to sleep while appellant inserted his penis into her vagina and moved her back and forth. On another occasion, appellant applied petroleum jelly to Heather's vulva.
Heather testified that one night, while appellant was in the bathtub, he called her into the bathroom. Appellant asked her to get into the bathtub. Appellant instructed Heather to place both of her hands on his penis and masturbate him. Heather, upon instruction by appellant, also placed her mouth on his penis and performed oral sex.
A jury convicted appellant of all three counts of rape and of gross sexual imposition. The trial court sentenced appellant to a term of ten years in prison for each count of rape and ordered appellant to serve the terms consecutively. Appellant was sentenced to a five-year term of imprisonment for gross sexual imposition, to be served concurrently with his other sentences. The trial court also adjudicated appellant to be a sexual predator.
Appellant appeals his convictions, sentences and adjudication as a sexual predator and raises five assignments of error for review.
 Assignment of Error No. 1: THE TRIAL COURT ERRED IN ALLOWING THE EIGHT-YEAR-OLD VICTIM TO TESTIFY REGARDING THE ALLEGED SEXUAL ABUSE.
In his first assignment of error, appellant argues that the trial court erred by finding that Heather was competent to testify at trial. Appellant maintains that the trial court's determination of competency was fatally flawed because the trial court had no way of knowing whether Heather truthfully answered the questions. In appellant's words, "the court asked questions in a vacuum of ignorance." Appellant also specifically asserts that Heather's incorrect answers to three questions asked by the trial court demonstrate that she was unable to relate truthful facts. Instead, according to appellant, the competency hearing demonstrates that Heather "wanted badly to please the court and the prosecutor."
Evid.R. 601 provides that "[e]very person is competent to be a witness except: (A) * * * children under ten (10) years of age, who appear incapable of receiving just impressions of the facts and transactions respecting which they are examined, or of relating them truly * * *." The trial judge has a duty to conduct a voir dire examination of a child less than ten years of age to determine the child's competency to testify.State v. Frazier (1991), 61 Ohio St.3d 247, 250. The trial court must take into consideration
 the child's ability to receive accurate impressions of fact or to observe acts about which he or she will testify, (2) the child's ability to recollect those impressions or observations, (3) the child' s ability to communicate what was observed, (4) the child's understanding of truth and falsity and (5) the child's appreciation of his or her responsibility to be truthful in determining whether a child under ten is competent to testify. Id. at syllabus.
The determination of competency is within the discretion of the trial judge because the trial judge has the opportunity to observe the child's appearance, his or her manner of responding to questions, general demeanor, composure, and any other indicia of reliability with respect to relating facts accurately. Id. at 251; State v. Wilson (1952),156 Ohio St. 525, 531. For this reason, a trial judge's determination of competency to testify will not be disturbed on appeal absent an abuse of discretion. Frazier at 251. The term "abuse of discretion" connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. State v. Rivera (1994),99 Ohio App.3d 325, 328.
The record in this case demonstrates that the trial court questioned Heather extensively and carefully. The transcript of the voir dire consists of twenty-two pages. Heather displayed the intelligence necessary to observe and relate events that occurred well in the past. For example, Heather, currently a student in the first grade, could name the friends she made in kindergarten. She knew the name of her first grade teacher. Heather could describe the activities in which she participated at school. Heather demonstrated her ability to receive and recollect accurate impressions of recent events as well. She described her favorite cartoons and could name the characters. She described her favorite food and her favorite toy.
Heather's testimony at the competency hearing showed that she understood the concepts of truth and falsity, and her responsibility to be truthful in court. She answered numerous hypothetical questions that indicated she knew the difference between telling the truth and lying. Heather told the trial judge that people who lie in a courtroom "go to jail." She promised the trial judge she would tell the truth and showed an appreciation of the importance of her promise.
According to appellant, Heather's answers to a few of the trial judge's questions were inaccurate. She stated that she attended kindergarten for a full day, when, apparently, kindergarten only lasts part of the day. She also incorrectly indicated that the prosecutor was standing closer to the bailiff than defense counsel was. It is not the role of the trial judge to determine if everything that a child will testify to at trial is accurate but, rather, whether the child has the intellectual capacity to accurately and truthfully recount events. See State v. Uhler (1992),80 Ohio App.3d 113, 118; State v. Rayburn (Apr. 24, 2000), Clinton App. No. CA99-03-005, unreported. It is the role of the trier of fact to determine the witness's credibility and the weight to be given to the testimony of the witness. See id. The alleged minor inconsistencies or inaccuracies in a few of Heather's answers are matters of perception, judgment and credibility, not of competency.
The trial judge found Heather to be "sharper" than any other child he has reviewed for competency. Taken in context, Heather's answers amply demonstrate her ability to receive accurate impressions of events and relate them. They show that she understood the concept of truthfulness and her responsibility to be truthful in court. Appellant's assertions that the trial court operated in a "vacuum of ignorance" and that Heather "wanted badly to please the court" are sheer hyperbole and are not supported by the record. The trial court's conclusion that Heather was competent to testify was not an abuse of discretion. Accordingly, appellant's first assignment of error is overruled.
 Assignment of Error No. 2: THE TRIAL COURT ERRED BY ALLOWING INADMISSIBLE HEARSAY STATEMENTS TO BE PRESENTED TO THE JURY THROUGH THE TESTIMONY OF THE STATE'S WITNESSES.
In his second assignment of error, appellant maintains that the trial court erred by admitting hearsay into evidence. Specifically, appellant argues that the admission of testimony by Heather's mother and Linda Loy, an investigator with Clermont County Children's Services, unfairly prejudiced him.
The admission or exclusion of relevant evidence rests within the sound discretion of the trial court. State v. Sage (1987), 31 Ohio St.3d 173, paragraph two of the syllabus. Absent an abuse of discretion and a showing that the accused has suffered material prejudice, an appellate court will not disturb the ruling of the trial court as to the admissibility of evidence. State v. Martin (1985), 19 Ohio St.3d 122, 129, certiorari denied (1986), 474 U.S. 1073, 106 S.Ct. 837.
Hearsay is an out-of-court statement offered into evidence to prove the truth of the matter asserted. Evid.R. 801(C). Absent specific exceptions or exclusions, hearsay testimony is generally not admissible. Evid.R. 802.
Appellant first argues that the trial court erred by allowing Heather's mother to testify about a phone conversation she had with appellant. In 1998, Channon was convicted for stealing pain pills from her employer. She was ordered to attend a ninety-day in-patient drug treatment program. Heather remained at home under the care of appellant. While in the drug treatment program, Channon had a telephone conversation with appellant. Over the objection of appellant's trial counsel, Channon recalled the conversation:
 He told me that Heather was asking him if she could get in the bathtub with him, and he told her that she could, and that she got in and he asked her — or he asked her to wash his back for him and she did.
 And then she's washing his legs and she said, "I know what that stuff tastes like," and he said, "what stuff?" And she said, "that comes out of the end of that." She said, "it tastes like salt," and he said, "and I told her to get out of the bathtub right now."
Appellant maintains that this testimony is double hearsay "elicited by the prosecution for the purpose of bolstering the yet-to-be-heard testimony of the alleged victim." He maintains that the statement is hearsay because the prosecution offered the statement as a truthful recitation of the event in the bathtub since Heather later testified that, in the bathtub, she saw "stuff" coming out of appellant's penis that "tasted like salt."
"A statement is not hearsay if * * * [t]he statement is offered against a party and is * * * his own statement[.]" Evid.R. 801(D)(2)(a). This rule includes statements made by a defendant in a criminal case. See,e.g., State v. McMillian (May 8, 1996), Hamilton App No. C-950523, unreported; State v. Abercrombie (Aug. 26, 1993), Cuyahoga App. No. 63695, unreported. The statement does not need to be against the interest of the declarant at the time it is made. Staff Note to Evid.R. 801(D)(2)(a).
A statement is also not hearsay when it is offered into evidence for a purpose other than "to prove the truth of the assertion by the declarant not on the witness stand at the time of the declaration." Staff Note to Evid.R. 801(C). For example, an out-of-court statement is not hearsay if it is offered "to prove a statement was made and not for its truth, to show state of mind, or to explain an act in question." State v. Maurer
(1984), 15 Ohio St.3d 239, 262 (internal citations omitted).
Appellant's statement, as testified to by Channon, is not "double hearsay." In fact, the statement is not hearsay at all. The statement was appellant's own statement offered against him as a party under 801(D)(2)(a). Appellant's alleged repetition of Heather's statement is also not hearsay. The prosecution did not offer the statement for the truth of what Heather told appellant. It was the prosecution's position that appellant fabricated Heather's statement in an effort to cover-up what had actually transpired. The prosecution offered the entire statement, a statement made to Channon before appellant was accused of any sexual contact, as appellant's own statement to show appellant's attempt to provide an excuse or explanation for a specific event.
Since Channon's report of appellant's telephone conversation with her was not hearsay, the trial court did not abuse its discretion by admitting it into evidence.[1]
Appellant next argues that the trial court erred by permitting Loy to provide hearsay testimony about her interview with Heather regarding Heather's allegations of sexual abuse. Over defense counsel's objection, Loy testified about Heather's prior statements describing appellant's sexual abuse that were consistent with Heather's trial testimony. The trial court allowed the testimony on the basis that defense counsel, through cross-examination of Heather and Channon, had implied that Heather recently fabricated her testimony. Appellant contends that the trial court simply granted the state another opportunity to allow out-of-court hearsay statements by Heather to be presented to the jury.
A prior consistent statement is not hearsay if (1) the declarant testifies at trial and is subject to cross-examination, (2) the statement is consistent with the declarant's testimony, and (3) and it is offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive. Evid.R. 801(D)(1)(b). The rule permits the rehabilitation of a witness whose credibility has been attacked by an express charge or implication that he recently fabricated his story or falsified his testimony in response to improper motivation or influence. Motorists Mut. Ins Co. v. Vance (1985), 21 Ohio App.3d 205,207.
Not all prior consistent statements are permitted to rehabilitate the credibility of a witness under Evid.R. 801(D)(1)(b). The rule includes only those prior consistent statements made before the existence of any motive or influence to falsify testimony. Id. In determining whether to admit a prior consistent statement for rebuttal purposes, a trial court should take a generous view "of the entire trial setting to determine if there was sufficient impeachment of the witness to amount to a charge of fabrication or improper influence or motivation." Id.
Appellant maintains that the theory of his entire case was that Heather fabricated her claims of abuse from the very beginning, such that there was no "recent" charge of fabrication. Notwithstanding the theory of appellant's defense, a review of the record demonstrates that defense counsel's cross-examination of Heather and Channon amounted to implied charges of fabrication and improper influence.
Loy interviewed Heather on November 30, 1998, only a few days after she reported to relatives that appellant was sexually abusing her. Heather then went to live with her maternal grandparents because her mother was in a drug treatment program. Heather recanted her accusations twice in the months following. On cross-examination, defense counsel suggested that Heather reversed her recantations for several possible reasons: she wanted to continue to live with her grandparents; she wanted to please her grandparents because they did not like appellant; or she wanted to say whatever would please her mother.
In the summer of 1999, Channon had a relapse of her substance abuse problem. She poured rubbing alcohol into cola and drank the concoction. She was caring for her children at the time. The mixture caused her to lose consciousness and fall to the ground. She dropped her one-month-old son from her arms. Her actions violated the terms of her probation and she was sent to another drug treatment program. On cross-examination, defense counsel suggested that Channon, as a result of her drug abuse, was concerned that she was going to lose custody of her sons to appellant.
In both instances, the cross-examination resulted in implied charges of fabrication or improper influence. It was suggested that Heather, after
her interview with Loy and after her recantations, decided to again accuse appellant of sexual abuse so that she could live with her grandparents. Defense counsel's cross-examination implied that Heather's grandparents may have influenced her to reconsider her recantations because they did not like appellant. It was suggested that Channon influenced Heather's accusations because she did not want to lose custody of her children to appellant and Heather acquiesced because she wanted to please her mother. These are recent suggestions of fabrication or improper influence because they follow Heather's original claims of sexual abuse and her subsequent recantations. However, Heather's statements to Loy predated all of them. Her statements to Loy are consistent with her trial testimony. Since Loy's testimony was not hearsay, the trial court did not abuse its discretion by admitting it into evidence.
Accordingly, appellant's second assignment of error is overruled.
 Assignment of Error No. 3: THE TRIAL COURT ERRED IN OVERRULING THE DEFENDANT-APPELLANT'S MOTION TO REVIEW THE GRAND JURY TRANSCRIPT.
In his third assignment of error, appellant argues that the trial court erred by denying his oral motion to review the grand jury transcript. At trial, appellant indicated to the trial court that a transcript of Heather's testimony at a domestic relations hearing differed from her trial testimony. He moved the trial court for an in camera inspection of Heather's grand jury testimony, contending that her grand jury testimony may also be inconsistent with her trial testimony. In denying appellant's motion, the trial court indicated that appellant failed to demonstrate a particularized need that outweighed the need to keep the grand jury testimony secret.
Grand jury proceedings are secret, and an accused is not entitled to inspect grand jury transcripts unless the ends of justice require it and the defendant demonstrates a particularized need for disclosure which outweighs the need for secrecy of the proceedings. State v. Greer
(1981), 66 Ohio St.2d 139, paragraph two of the syllabus; Crim R. 6(E). A particularized need exists where the surrounding circumstances reveal a probability that the failure to disclose the grand jury testimony will deny the defendant a fair trial. Greer, 66 Ohio St.2d at paragraph three of the syllabus. The determination of whether the defendant has shown the requisite particularized need is a matter left to the sound discretion of the trial court. Id. at paragraph one of the syllabus.
When a defendant speculates that grand jury testimony might contain material evidence or might aid his cross-examination by revealing contradictions or inconsistencies, a trial court does not abuse its discretion by finding the defendant has not shown a particularized need.State v. Mack (1995), 73 Ohio St.3d 502, 508; State v. Webb (1994),70 Ohio St.3d 325, 337. These arguments could be made in every case and if the use of grand jury testimony were permitted for such reasons, virtually all grand jury testimony would be subject to disclosure. Webb
at 337; State v. Cherry (1995), 107 Ohio App.3d 476, 479.
Appellant's claim that Heather's grand jury testimony may have been different from her trial testimony is mere speculation that is insufficient to demonstrate a particularized need.
Curiously, on appeal, appellant argues that "defense counsel did not
make a bare assertion that the grand jury testimony was needed to impeach the alleged victim." (Emphasis sic.) Rather, appellant maintains that defense counsel argued that the lack of specific dates in the indictment combined with the inconsistencies between her trial testimony and her former testimony before the domestic relations court created a particularized need to review the grand jury transcript. Yet, when the trial court asked defense counsel what particularized need supported his motion to review the grand jury testimony, defense counsel responded:
 Well, I don't think we have to demonstrate a particularized need * * * In addition, I do have a transcript from a Domestic Relations hearing which shows there was [sic] some inconsistencies in her statement, so it's really — I believe there may be inconsistencies in the, contained in the Grand Jury transcript.
Further, any fair reading of the transcript clearly demonstrates that the crux of appellant's argument for particularized need focused on the possibility that Heather's grand jury testimony was inconsistent with her trial testimony. Although there was a brief mention of the dates in the indictment, the discussion was directly related to the thrust of defense counsel's argument, that there was inconsistent testimony. In any event, the brief ancillary discussion in the record does not rise to the level of a clearly articulated particularized need required to invade the secrecy of the grand jury proceeding. General assertions do not establish particularized need. See, e.g., Webb, 70 Ohio St.3d at 336; State v.Richey (1992), 64 Ohio St.3d 353, 366.
The record supports the trial court finding that appellant did not demonstrate a particularized need for Heather's grand jury testimony. The trial court did not abuse its discretion by denying appellant's motion. Accordingly, appellant's third assignment of error is overruled.
 Assignment of Error No. 4: THE TRIAL COURT ERRED IN SENTENCING DEFENDANT-APPELLANT TO SERVE THREE CONSECUTIVE, MAXIMUM TEN-YEAR PRISON TERMS.
In his fourth assignment of error, challenges two aspects of his sentence: (1) the decision to impose the maximum prison term for each count of rape and (2) the decision to impose the terms for the rape convictions consecutively. Each aspect will be addressed in turn.
An appellate court may not disturb an imposed sentence unless it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law. R.C. 2953.08(G)(1). Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus. The applicable record to be examined by a reviewing court includes the following: (1) the presentence investigative report; (2) the trial court record in the case in which the sentence was imposed; and (3) any oral or written statements made to or by the court at the sentencing hearing at which the sentence was imposed. R.C.2953.08(F)(1)-(3). The sentence imposed upon the offender should be consistent with the overriding purposes of felony sentencing: "to protect the public from future crime by the offender" and "to punish the offender." R.C. 2929.11(A).
A trial court may impose the maximum term of imprisonment upon an offender only if the trial court finds on the record that the offender "committed the worst form of the offense" or that the offender "pose[s] the greatest likelihood of committing future crimes." R.C. 2929.14(C). A trial court must provide the reasons underlying its decision to impose a maximum sentence. R.C. 2929.19(B)(2)(d) and (e); State v. Beard (Sept. 5, 2000), Clermont App. No. CA2000-02-012, unreported.
When considering whether a defendant committed the "worst form" of the offense, the trial court is not required to compare the defendant's conduct to some hypothetical, absolute worst form of the offense. SeeState v. Simpson (Apr. 3, 2000), Clermont App. No. CA99-07-078. There is no one worst form of an offense. Id; State v. Pickford (Feb. 22, 1999), Jefferson App. No. 97-JE-21, unreported. The court must consider the totality of the circumstances to determine whether a defendant has committed the worst form of the offense. State v. Garrard (1997),124 Ohio App.3d 718, 722.
When reviewing the seriousness of an offender's conduct, the trial court is guided by R.C. 2929.12(B), which lists factors for the trial court to consider. As relevant to this case, these factors include:
 (1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.
 (2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.
* * *
 (6) The offender's relationship with the victim facilitated the offense.
R.C. 2929.12(B). The trial court may also consider any other relevant factors. Id. R.C. 2929.12(D) lists nonexclusive factors for the trial court to consider when determining whether a defendant poses the greatest likelihood of recidivism:
 (1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing, under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or under post-release control pursuant to section 2967.28 or any other provision of the Revised Code for an earlier offense.
 (2) The offender previously was adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code, or the offender has a history of criminal convictions.
 (3) The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code, or the offender has not responded favorably to sanctions previously imposed for criminal convictions.
 (4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.
(5) The offender shows no genuine remorse for the offense.
The trial court expressly found that appellant committed the "worst form" of rape and also posed the greatest likelihood of recidivism. In support of its finding that appellant's crime is one of the worst forms of rape, the trial court discussed appellant's horrific violation of Heather's trust in him as the only father she has ever known. Appellant engaged in oral and vaginal sex with his seven-year-old stepdaughter. The trial court noted that appellant's relationship to the victim facilitated his crimes, but also made them all the more deplorable. Therefore, the record supports the trial court's finding that appellant committed one of the worst forms of rape.
The trial court also found that appellant poses the greatest likelihood of recidivism. In support of its finding, the trial court discussed at length that appellant showed no genuine remorse for his conduct. The trial court noted that appellant had not responded favorably to his recent sanction for stalking by menacing, stating "I don't think a person can be rehabilitated for menacing by stalking if they sexually abuse a child." In addition, the trial court noted that appellant has a history of criminal convictions. Even though the previous convictions were for misdemeanors, the trial court stated appellant's past conduct demonstrates that he has not been rehabilitated to a satisfactory degree after having sanctions imposed for those convictions. Finally, the trial court remarked that
 If you can do this to someone [who] is totally defenseless, [who] looks up to you, [who] believes that you're not going to do anything that's not in their best interest, and you sexually abuse that child, then you pose the greatest likelihood of recidivism.
Therefore, the trial court's finding that appellant poses the greatest likelihood of recidivism is supported by the record.[2]
The trial court's decision to sentence appellant to the maximum terms for his offenses is amply supported by the record and is not contrary to law.
Pursuant to R.C. 2929.14(E)(4), a trial court may impose consecutive terms of imprisonment if it makes three findings. First, the trial court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender. R.C. 2929.14(E)(4). Second, the consecutive terms must not be disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. Id. Finally, the trial court must also find that one of the additional factors listed in R.C. 2929.14(E)(4)(a) through (c) applies:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
R.C. 29219.14(E)(4) does not require the trial court to recite the exact words of the statute in a talismanic ritual to impose consecutive sentences upon an offender. State v. Finch (1998), 131 Ohio App.3d 571,575-75; State v. Mirmohamed (1998), 131 Ohio App.3d 579, 584. However, the trial court is required to state sufficient supporting reasons for imposition of such sentences. R.C. 2929.19(B)(2)(c); see State v.Edmonson, 86 Ohio St.3d 324, 326; State v. Simpson (Apr. 3, 2000), Clermont App. No. CA99-07-078, unreported.
In its sentencing entry, the trial court specifically stated that:
 consecutive sentences are necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and the harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
In its entry the trial court also found that appellant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by appellant.
In addition, a review of the entire sentencing hearing demonstrates that the trial court carefully considered appellant's conduct and made ample findings sufficient to support the imposition of consecutive sentences. The trial court's decision to impose consecutive sentences is supported by the record and is not contrary to law. Appellant's fourth assignment of error is overruled.
 Assignment of Error No. 5: R.C. CHAPTER 2950 VIOLATES THE OHIO CONSTITUTION. In his fifth assignment of error, appellant challenges the constitutionality of R.C. Chapter 2950, Ohio's "Megan's Law" on two bases. First, appellant contends that R.C. Chapter 2950 denies him his inalienable rights under Article I, Section 1, of the Ohio Constitution. Appellant acknowledges that the Supreme Court of Ohio has found that the registration, verification, and notification provisions of R.C. Chapter 2950 are narrowly tailored to serve the legitimate purpose of the state's police powers, and that the provisions do not unreasonably infringe upon the rights of sexual predators. See State v. Williams (2000), 88 Ohio St.3d 513, 521-34. Then, inexplicably, appellant states that "the issue is submitted without argument."
Second, appellant maintains that R.C. Chapter 2950 is unconstitutional on its face because R.C. 2950.9(B)(2) impermissibly encroaches upon the judiciary by prescribing specific factors to determine whether an offender is a sexual predator. Appellant provides no arguments or supporting authorities to support his assertion. Appellant merely notes that the identical issue was raised before this court in a prior case, which at the time of the filing of the appeal had not been decided. Appellant purports to submit the entire assignment of error "without argument."
App.R. 16(A)(7) requires that an appellant's brief contain an argument with the contentions of the appellant with respect to each issue presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which the appellant relies. This court may disregard an assignment of error if a party fails to argue the assignment of error as required under App.R. 16(A). App.R. 12(A)(2); see, also, State v. Watson (1998),126 Ohio App.3d 316, 321.
Appellant has failed to support either issue under this assignment of error with any legal authority that supports his claims. Appellant has failed to provide an argument in support of either issue.[3] Appellant even acknowledges that the Ohio Supreme Court has conclusively decided his first issue. As a result, the assignment of error is frivolous. Accordingly, appellant's fifth assignment of error is overruled.
Judgment affirmed.
WALSH and VALEN, JJ., concur.
[1] While quick to label the prosecution's arguments at trial for admitting the testimony as "disingenuous," appellant's argument on appeal offers its own unique disingenuity. Even if it had been error for the court to admit the testimony, appellant would be unable to show any prejudice from the admission since appellant himself provided the same testimony about the bathtub incident on direct examination, albeit in greater detail, complete with Heather's alleged statements.
[2] Appellant argues at length that the trial court improperly found that appellant was under a sanction for an earlier offense in its consideration of whether he poses the greatest likelihood of recidivism. See R.C. 2929.12(D)(1). It is not necessary to determine if this single finding is correct since the trial court's many other findings are supported by the record.
[3] For the first time in his reply brief, appellant attempts to present an argument in support of his assertion that R.C. 2950.09 violates the separation of powers doctrine implicit in the Ohio Constitution. Appellant's new argument is raised improperly by way of the reply brief, especially after purporting to submit the issue "without argument" in his initial brief. The reply brief is merely an opportunity to reply to the brief of the appellee, and is not to be used by an appellant to raise new assignments of error or issues for review. See App.R. 16(C); Sheppard v.Mack (1980), 68 Ohio App.2d 95, 97; State v. Mackey (Feb 14, 2000), Warren App. No. CA99-06-065, unreported. Appellant's argument is not appropriately before the court and will therefore not be considered.