OPINION
Defendant-appellant, Davey Cox, appeals his convictions for kidnapping, domestic violence, and aggravated menacing in the Butler County Court of Common Pleas. The convictions are affirmed.
On August 28, 1999, appellant came home from work as usual. He and his wife, Amy Cox ("Cox"), had dinner and afterwards drank several beers. Around 10:00 p.m., they went to a bar near their home where they continued drinking beer until they left at approximately 1:00 a.m. While driving home, they began to argue over Cox's recent purchase of a cell phone. Cox told appellant that she wanted to divorce him, a statement she had first made two weeks earlier. The two exited the car, and as they continued arguing about the divorce, appellant slapped Cox across the face. Appellant then entered the home, while Cox remained outside for a few moments before going inside.
The argument continued once Cox entered the home. Appellant retrieved a revolver from atop a china cabinet and used it to shoot the cell phone which Cox had set on the kitchen table. He and Cox scuffled, and Cox was thrown to the floor. Appellant held her on the floor by placing his foot on her back and ordered her to crawl to a corner of the kitchen. Appellant continued cursing as he paced back and forth, waving the gun in the air. Appellant pointed the gun at Cox, and threatened to shoot her in the back if she tried to run for help. Appellant then fired a shot into a cabinet, approximately two feet from Cox. Cox expressed concern about the effect appellant's actions would have on their two boys, ages thirteen and fifteen, who were in the living room. As a result, appellant ordered the boys to go upstairs to their rooms.
Appellant continued ranting, and while attempting to twirl the gun on his finger, he accidentally discharged the gun, shooting himself in the leg. He threw the gun to the top of the staircase, and collapsed at the foot of the stairs. He yelled for the boys to come downstairs, which they did. They ran out the back door and, at Cox's direction, ran to a neighbor's house to summon help. Cox brought appellant a clean pair of shorts and a cigarette. Appellant eventually relaxed and closed his eyes, at which point Cox left the house, finding that the neighbor summoned by the boys was pulling into the driveway. She got into his car and they drove to the neighbor's house where she called the police.
Appellant was arrested, and indicted on charges of kidnapping, domestic violence, and aggravated menacing. He initially entered pleas of not guilty by reason of insanity. These pleas were withdrawn at trial after two psychologists found that he was not legally insane at the time of the offenses. The state filed a motion in limine to exclude the testimony of appellant's psychologist, whom appellant intended to call to testify about his intoxication and mental state at the time of the offenses. The motion was granted, and the matter proceeded to a jury trial. At trial, appellant, through counsel, acknowledged that he was guilty of domestic violence and aggravated menacing, but contended that he was not guilty of kidnapping. Appellant was found guilty on all of the charges and sentenced accordingly. He appeals, raising four assignments of error.
First Assignment of Error:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT IN REFUSING TO ALLOW DEFENDANT TO CROSS EXAMINE DEFENDANT'S SON ABOUT HIS PARENTS' DIVORCE THEREBY DENYING DEFENDANT HIS RIGHT TO CONFRONT WITNESSES AGAINST HIM AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION AND ARTICLE I, SECTION 10, OF THE OHIO CONSTITUTION.
The state called appellant's son, Daniel Cox, to testify. On cross-examination, appellant's counsel tried to question him about conversations he may have had with his mother about the pending divorce and associated custody proceedings. Appellant's counsel maintained that the questions would elicit answers indicating that Daniel was biased against his father and stood to benefit if his father remained incarcerated. The trial court sustained the state's objection to the line of questioning. In his first assignment of error, appellant contends that the trial court's exclusion of this testimony constitutes reversible error.
The scope of cross-examination allowed under Evid.R. 611(B) lies within the sound discretion of the trial court, viewed in relation to the particular facts of each case. State v. Acre (1983), 6 Ohio St.3d 140,145. As well, the admission or exclusion of relevant evidence rests within the sound discretion of the trial court. State v. Sage (1987),31 Ohio St.3d 173, paragraph two of the syllabus. Accordingly, a trial court's limitation on cross-examination will not be disturbed on appeal absent an abuse of discretion. State v. Wyatt (1994), Butler App. No. CA93-03-050, unreported, citing State v. Lift (1948), 86 Ohio App. 396,398. More than an error of law or of judgment, an abuse of discretion "implies that the court's attitude is unreasonable, arbitrary or unconscionable." State v. Adams (1980), 62 Ohio St.2d 151, 157.
Although Daniel's testimony regarding his knowledge of his parents' divorce proceeding arguably has marginal relevance, tending to show his bias, we do not find that its exclusion by the trial court arises to an abuse of discretion. The questionable relevance of the evidence underlies the trial court's exclusion of the testimony. The first assignment of error is overruled.
Second Assignment of Error:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT IN ADMITTING TESTIMONY OF ALLEGED PRIOR ACTS AND THREATS BY DEFENDANT DURING THE MARRIAGE, THEREBY DEPRIVING DEFENDANT OF HIS RIGHTS TO DUE PROCESS AND A FAIR TRIAL AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION.
The prosecution elicited testimony from Cox that appellant had made threatening statements to her on prior occasions. Cox testified that she had been "afraid of him for years," that she was "afraid he was going to kill me," and that appellant had told her that "if I ever tried to leave him that he would kill me and no one would ever find my body." In his second assignment of error, appellant contends that this testimony should have been excluded because it was irrelevant, prejudicial, and was inadmissible prior bad acts evidence.
Evid.R. 404(B) generally proscribes the use of prior bad acts in criminal cases in order to prove a defendant's propensity to act in conformity therewith. However, the evidence "may be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan knowledge, identity or absence of mistake or accident." Evid.R. 404(B). When a proper purpose is found for admission, only Evid.R. 403 prejudice concerns will bar its admission. State v. Sargent (1998),125 Ohio App.3d 557, 567. When considering whether the probative value of evidence outweighs the danger of unfair prejudice, a trial court is vested with broad discretion, and a reviewing court should not interfere absent a clear abuse of that discretion. State v. Morales (1987),32 Ohio St.3d 252, 257-258.
Although appellant's counsel acknowledged that appellant was guilty of the domestic violence and menacing charges in his opening statement, appellant actually pled "not guilty" to all of the charges against him. By pleading not guilty to the charges, appellant placed in issue all the essential elements of the offenses of kidnapping, domestic violence, and aggravated menacing.
R.C. 2903.21 (A) provides:
 No person shall knowingly cause another to believe that the offender will cause serious physical harm to the person or property of the other person, the other person's unborn, or a member of the other person's immediate family.
 In order to convict appellant of the menacing charge, the prosecution was required to prove each element of the offense, including the state of mind that appellant's actions induced in Cox.
The other acts evidence to which appellant objects did not pertain to appellant's conforming conduct or propensity to commit the offense, but rather was relevant to establishing the victim's state of mind during the incident. Prior acts of violence between a defendant and the victim are highly probative in establishing the victim's belief of impending serious harm. State v. Schwarz (1991), 77 Ohio App.3d 484, 487, citing State v.Warren (Dec. 30 1990), Stark App. No. CA-8258, unreported, State v.Clements (Feb. 15, 1989), Wayne App. No. CA-2407, unreported. In the present case, the probative value of the evidence outweighed any possible prejudice.
Furthermore, the trial court instructed the jury that the testimony was to be considered only for the limited purpose of determining Cox's state of mind. Absent a showing to the contrary, the jury is presumed to have followed the instructions provided by the trial court, and to have obeyed curative instructions. State v. Loza (1994), 71 Ohio St.3d 61, 79.
We find that the trial court did not abuse its discretion by admitting the other acts evidence. The second assignment of error is overruled.
Third Assignment of Error:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT IN PERMITTING A POLICE DETECTIVE TO TESTIFY REGARDING WHAT MRS. COX TOLD HIM DURING HIS INVESTIGATION, THEREBY DEPRIVING DEFENDANT OF HIS RIGHTS TO DUE PROCESS AND A FAIR TRIAL AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE US CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION.
In his third assignment of error, appellant alleges that the trial court erred by admitting out-of-court statements made by Cox into evidence. He argues that the use of these hearsay statements deprived him of his right to a fair trial.
Cox testified about the events that occurred on August 29, 1999. Appellant's counsel, on cross-examination, brought out inconsistencies in Cox's testimony, and suggested that the account she provided at trial was recently fabricated. Counsel pointed out that she provided details not provided to the police the night of the incident, and asked questions such as "Why is it you remember now?" and "Have you gone over your testimony with someone?" When cross-examining Cox, appellant's counsel called into question Cox's memory by suggesting that she was intoxicated at the time of the incident. He further suggested that Cox stood to gain in the impending divorce if appellant were incarcerated, and asked her, "You want him convicted really bad, don't you?"
The prosecution then called Detective Michael Laney to testify. Detective Laney investigated the incident, and interviewed Cox the night of the incident. Over appellant's objections, Detective Laney testified as to the statements that Cox made to him that night. Those statements largely corroborated the testimony Cox gave at trial.
Pursuant to Evid.R. 801(D)(1)(b), a statement is not hearsay if
 [t]he declarant testifies at the trial or hearing, and is subject to cross examination concerning the statement, and the statement is
* * *
 (b) consistent with his testimony and is offered to rebut an express or implied charge against him of recent fabrication or improper influence or motive.
 This rule permits the rehabilitation of a witness whose credibility has been attacked by an express or implied charge that she recently fabricated her story or falsified her testimony in response to improper motivation or influence. State v. Lopez (1993), 90 Ohio App.3d 566, 578, citing Motorists Mut. Ins Co. v. Vance (1985), 21 Ohio App.3d 205, 207.
Not all prior consistent statements are permitted to rehabilitate the credibility of a witness under Evid.R. 801(D)(1)(b). The rule includes only those prior consistent statements made before the existence of any motive or influence to falsify testimony. Id. In determining whether to admit a prior consistent statement for rebuttal purposes, a trial court should take a generous view "of the entire trial setting to determine if there was sufficient impeachment of the witness to amount to a charge of fabrication or improper influence or motivation." Id.
Appellant maintains that the motivation for Cox to fabricate her claims existed at the time that she made the prior consistent statements, thus preventing their admission under Evid.R. 801. Appellant's contention is that Cox somehow stood to gain in the divorce proceeding if appellant remained incarcerated. However, at the time of the incident, there was no pending divorce proceeding. Although Cox had discussed the matter with appellant, she had not yet taken any action to that end. It was not until some time later that she filed her complaint for divorce.
Cox's out-of-court statements were not introduced into evidence until after she had testified. On cross-examination, defense counsel implied that her testimony had been recently fabricated. The prosecution then called Detective Laney to testify as to Cox's prior consistent statements. Under these circumstances, Evid.R. 801(D)(1)(b) allows the use of prior consistent statements for the purpose of rehabilitating the witness's testimony. See State v. Stringfield (1992), 82 Ohio App.3d 705,713; Motorists Mut. Ins. Co. v. Vance (1985), 21 Ohio App.3d 205, 207;State v. Bock (1984), 16 Ohio App.3d 146, 148. The third assignment of error is overruled.
Fourth Assignment of Error:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT IN REFUSING TO ALLOW HIM TO OFFER EVIDENCE OF HIS INTOXICATION TO NEGATE THE SPECIFIC INTENT REQUIRED FOR KIDNAPPING, THEREBY DEPRIVING DEFENDANT OF HIS RIGHTS TO DUE PROCESS AND A FAIR TRIAL AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION AND ARTICLE I, SECTION 1 OF THE OHIO CONSTITUTION.
In his final assignment of error, appellant contends that the trial court erred by excluding evidence of his intoxication. Appellant contends that the degree of his intoxication diminished his ability to form the specific intent required to commit kidnapping. Although appellant testified to his degree of intoxication, the trial court would not allow him to call a psychologist to testify on this issue.
Generally, voluntary intoxication is not a defense to any crime. Statev. Fox (1981), 68 Ohio St.2d 53, 55, citing Long v. State (1923),109 Ohio St. 77, 86. An exception to this general rule exists where specific intent is a necessary element of the alleged offense. In such a case, intoxication, although voluntary, may be considered in determining whether an act was done intentionally or with deliberation. Id., citingState v. French (1961), 171 Ohio St. 501, 502.
While a defendant may present nonexpert testimony "in an effort to prove that he was `so intoxicated as to be mentally unable to intend anything,'" Ohio law does not recognize the defense of diminished capacity. State v. Wilcox (1982), 70 Ohio St.2d 182, 194, quoting Statev. Jackson (1972), 32 Ohio St.2d 203. Consequently, a defendant may not present "expert psychiatric testimony, unrelated to the insanity defense, to show that, due to mental illness, intoxication, or any other reason, he lacked the mental capacity to form the specific mental state required for a particular crime[.]" State v. Cooey (1989), 46 Ohio St.3d 20, 26. Lay jurors do not require expert testimony to determine whether an accused was too intoxicated to be able to form any intention. Id.
The trial court appropriately allowed appellant to testify about his degree of intoxication, and also properly excluded the presentation of expert testimony on this issue. Accordingly, the fourth assignment of error is overruled.
YOUNG, P.J., and POWELL, J., concur.